UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK KEVIN FISCHER,

        Plaintiff(s),        CASE NUMBER: 05-70366
                                     HONORABLE VICTORIA A. ROBERTS

v.

UNITED PARCEL SERVICE CO.,

        Defendant(s).
_____/

ORDER REGARDING DEFENDANT'S
OBJECTIONS TO MAGISTRATE'S ORDER

**I.   INTRODUCTION**

This matter is before the Court on Defendant's Objections to the Magistrate's Order Following March 21, 2006 Hearing. Defendant objects to the Magistrate's ruling on three non-dispositive motions. The Magistrate's ruling is **REVERSED IN PART**.

**II.   BACKGROUND**

Plaintiff Frank Kevin Fischer was employed by Defendant United Parcel Service Co. ("UPS") for 18 years until he was fired in February 2003. In 1997, Plaintiff was promoted to the position of National Account Manager ("NAM"). In October 2000, Plaintiff filed a lawsuit against Defendant alleging that racial discrimination was the motive for Plaintiff's assignment of less desirable accounts. In December 2001, Plaintiff's claims were resolved by jury trial in Defendant's favor.

Plaintiff was on medical leave throughout most of the proceedings between the

1

time he filed the suit and trial.  He returned to work in the same position in February 2002.  From the time he returned until he was fired, Plaintiff alleges that he was treated and paid less favorably than his peers.  Plaintiff says he repeatedly requested pay increases to bring his salary in line with his peers.  After a confrontation with his supervisor, Alison Jarlett, he complained to Jarlett that her behavior towards him constituted racial discrimination, harassment and retaliation.  Five days later, Plaintiff was fired following another confrontation for "conduct unbecoming a manager."  Plaintiff subsequently filed this action alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, and Michigan's Elliott-Larsen Civil Rights Act, M.C.L. §37.2101, *et. seq.*

The parties filed three non-dispositive pretrial motions which were referred to Magistrate Steven D. Pepe for hearing and determination, pursuant to 28 U.S.C. §636 (b)(1)(A):  1) Defendant's Motion to Compel Production of Documents and to Overrule Objection to Subpoena; 2) Defendant's Motion for Leave to file First Amended Answer; and 3) Plaintiff's Motion to Compel various items of discovery.  On March 21, 2006, Magistrate Pepe held a hearing on the motions by telephone.  On March 23, 2006, the Magistrate issued a written Order memorializing his rulings on the record.

Defendant asserts that several of the rulings were clearly erroneous and/or contrary to law.  Specifically, Defendant objects to the Magistrate's Order that:

1. Defendant produce the salary levels of all individual National Account Managers at the time of the termination of the prior lawsuit and the adjustments since then subject to protective order.

2. Defendant's counsel will arrange an informal telephonic call with a member of the supply chain solution technology

> services group familiar with Defendant's efforts to locate the attachment that was sent along with the February 7, 2003, [sic] email from Alison Jarlett to Steve Harmon (Dkt. 27, Plaintiff's Statement of Unresolved Issues, Exhibit A).
>
> * * *
>
> 6.  To accommodate the new affirmative defense[,] discovery is extended until April 20, 2006.

Magistrate Pepe Order, March 23, 2006.

With regard to the first ruling, Defendant argues that salary information is irrelevant to Plaintiff's current claims. Defendant contends that Plaintiff's claim that he was paid less than this peers as a means of retaliation is simply a rehash of claims that were rejected in his first lawsuit. Furthermore, even if the salary information was relevant, Defendant says that Plaintiff only requested it through 2003. And, the Magistrate indicated during the hearing that production was limited to NAMs who reported to Alison Jarlett, but he did not include this limitation in the Order.

Second, Defendant claims that it is unable to locate the e-mail attachment Plaintiff requests and that it is irrelevant in any event. Defendant argues that the attachment is irrelevant because it is only a draft of proposed salaries for NAMs through 2003 that was never finalized or implemented. Therefore, Defendant contends that Plaintiff cannot rely on the document to establish that any adverse action was taken against him as a result of his prior complaint. Consequently, Defendant argues that it was clearly erroneous for the Magistrate to require Defendant to produce someone for questioning about an irrelevant document.

Finally, Defendant says that neither party requested an extension of discovery. Therefore, the Magistrate's *sua sponte* order exceeded the scope of his authority.

Plaintiff agrees that he did not request and does not require salary information beyond 2003 or for persons other than those who reported to Jarlett. Therefore, Plaintiff will stipulate to a modification of the Magistrate's Order to require Defendant to provide "the salary levels of all individual National Account Managers who reported to Allison Jarlett at the time of the termination of the prior lawsuit (December 2001) and the adjustments since then through 2003 subject to protective order." Pl. br. at p. 2.

Plaintiff disputes the balance of Defendant's objections. First, Plaintiff asserts that the requested salary information is relevant to his claim of retaliation. When Plaintiff returned to work for Defendant after his first lawsuit concluded, he says that he repeatedly requested pay increases commensurate with his performance and tenure relative to his peers. Just days before he was fired, Jarlett generated an ambiguous e-mail. While it does indicate that Plaintiff was the lowest paid NAM, it is unclear how his performance ranked. *See* Pl. Exh. C to Motion to Compel (Dkt. 16)("Are we prepared to defend Fischer's pay being the lowest in the group . . . his performance is in my opinion . . . not numbers though.") Plaintiff contends that Defendant's failure to rectify the pay disparity and its decision to fire him are relevant to his claim that he was retaliated against for complaining about unequal treatment. Plaintiff denies that the salary information requested is only relevant to claims asserted in the first lawsuit, because he only asks for information after his first lawsuit ended.

Second, Plaintiff argues that it was within the Magistrate's discretion to order Defendant to produce someone familiar with its efforts to locate the attachment referenced in Jarlett's e-mail. Defendant produced the e-mail, but claims that it is unable to find the attachment. Plaintiff is unwilling to simply accept Defendant's claim

4

and asked to depose someone familiar with Defendant's retrieval efforts.  Plaintiff contends that the Magistrate's compromise order that Defendant make the appropriate person available for an informal telephone conference was not clearly erroneous or contrary to law.

Lastly, although Plaintiff does not dispute that neither party requested an extension of discovery, he asserts that it was not clearly erroneous for the Magistrate to do so since he allowed Defendant to amend its Answer to include an "after acquired evidence" defense.  Defendant responds that: 1) even if appropriate, the Magistrate exceeded his authority, which is clearly erroneous; 2) an extension to allow Plaintiff discovery on the defense was unnecessary because Plaintiff has been on notice of the potential affirmative defense since February 9, 2006, which was two months before discovery closed; and 3) if Plaintiff needed additional discovery on the added defense, discovery should have only been narrowly extended for that defense alone.

In sum, Defendant asks the Court find that the Magistrate erred by:

1. extending discovery beyond the date in the Court's scheduling Order;

2. requiring Defendant to produce salary information for any period for NAMs reporting to Alison Jarlett; and

3. requiring Defendant to produce someone regarding an irrelevant e-mail attachment.

## III.    STANDARD OF REVIEW

Under Fed. R. Civ. P. 72(a), a magistrate's ruling on a non-dispositive motion cannot be reversed unless it was clearly erroneous or contrary to law.  *See also Brown v Wesley's Quaker Maid, Inc.,* 771 F.2d 952, 954 (6th Cir. 1985); *Haworth, Inc. v*

5

*Herman Miller, Inc.,* 162 F.R.D. 289, 291 (W.D. Mich. 1995). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard. . . .Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth*, 162 F.R.D. at 291 (citations omitted).

**IV.    APPLICABLE LAW AND ANALYSIS**

None of the Magistrate's rulings is clearly erroneous or contrary to law. The Federal Rules of Civil Procedure authorize extremely broad discovery. *U.S. v Leggett & Platt, Inc.*, 542 F.2d 655 , 657 (6th Cir. 1976). Under FRCP 26(b)(1) a party is entitled to discovery of any matter that is relevant, nonprivileged, and, even if not admissible at trial, "appears reasonably calculated to lead to the discovery of admissible evidence." Relevance is defined very broadly for discovery purposes. *Oppenheimer Fund, Inc. v Sanders,* 437 U.S. 340, 351 n.12 ("[T]he court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation.")(citation omitted).

The salary data Defendant was ordered to produce is well within the broad boundaries of FRCP 26(b)(1). Plaintiff alleges that he was retaliated against because he complained that he was not receiving treatment equal to that of his peers. He claims that a pay disparity is one example of retaliation. The e-mail attachment Plaintiff requests was drafted by Jarlett and admittedly lists salaries for Plaintiff and his peers. And, Plaintiff agrees that his request for the salary levels of NAMs is only for data through 2003 and for NAMs who worked under Alison Jarlett. This information is limited in scope and clearly relevant to Plaintiff's claim, within the meaning of FRCP 26(b)(1).

Defendant attempts to refute the relevance of Plaintiff's requests by arguing the merits.  Specifically, Defendant claims that Plaintiff only requested an increase in his salary over a brief period of time, he ultimately received a raise, and he did not make another request thereafter.  Defendant also argues that raw salary data will not reveal any discriminatory or retaliatory motive because the salaries requested represent a culmination of compensation decisions over 15 years, rather than during the brief period at issue.  Finally, Defendant claims that the e-mail attachment only represents proposed salaries that were never adopted.

While Defendant's assertions may ultimately be relevant to admissibility of the salary data at trial, they do not preclude discovery.  Plaintiff's requests--even if ultimately not admissible at trial--could reasonably lead to the discovery of admissible evidence.

The Court will modify the Magistrate's ruling regarding the scope of salary data to be produced as agreed by the parties.  However, the Magistrate's ruling that Defendant produce the salary data requested, and someone to participate in a telephone conference regarding the e-mail attachment, is not clearly erroneous or contrary to law.

Defendant's final objection is moot.  The Magistrate extended discovery for one month, because he granted Defendant's motion to amend its answer to add an affirmative defense.  Defendant does not indicate that Plaintiff has made any additional discovery requests as a result of the extension, and the extension will expire on April 20, 2006.  There is no apparent reason for the Court to reach the question of whether the Magistrate acted within his authority.

**IV.   CONCLUSION**

The Magistrate's ruling is **REVERSED IN PART**, per the agreement of the parties, Defendant is only required to produce the salary levels of all individual National Account Managers who reported to Allison Jarlett at the time of the termination of the prior lawsuit (December 2001) and the adjustments since then through 2003, subject to protective order.  The balance of the Magistrate's rulings regarding salary data and the e-mail attachment is **AFFIRMED**.  Defendant's objection to the extension of discovery is deemed **MOOT.**

**IT IS SO ORDERED.**

s/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated:  April 19, 2006

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 19, 2006.
>
> s/Linda Vertriest
> Deputy Clerk